UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MORETTO,

    Plaintiff,

v.                                   Case No.: 2:23-cv-881-SPC-NPM

SECURUS TECHNOLOGIES, J PAY, N. STALNAKER and M. WARNER,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Stephen Moretto's Complaint (Doc. 1). Moretto, a prisoner of the Florida Department of Corrections, sues Securus Technologies, JPay, and an employee from each company under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Moretto leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

    To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654

F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Moretto's claims relate to an allegedly defective tablet device he received from Securus and JPay. The tablet had a low battery life, did not play all the media Moretto bought or rented, and could not access podcasts or emails. Eventually, the tablet died. The defendants refused to replace it and did not respond to Moretto's letters threatening legal action. Moretto claims the defendants violated the Takings Clause, which the Fourteenth Amendment applies to the states, because they deprived him of the beneficial use of the games and music he purchased but cannot play on the defective tablet.

Moretto's Complaint fails to state a claim. As a preliminary matter, it is not clear whether any defendant was acting under color of state law. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). But the Court does not have enough information about the relationship between Moretto, the defendants, and the State of Florida to make that determination here. Regardless, Moretto fails to state a claim under the Takings Clause.

"The Takings Clause of the Fifth Amendment states that 'private property shall not be taken for public use, without just compensation.'" *Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162, 2167 (2019).  It "is designed to bar Government from forcing some people to alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Arkansas Game and Fish Com'n v. United States*, 568 U.S. 23 at 31 (2012) (quotation marks and citation omitted).  That is not what happened here.  Moretto's access music and games were not taken by the government for public use.  In fact, Moretto's right to access his media was not taken at all.  Rather, he cannot currently access the media due to technical defects with the tablet issued to him.  This is a customer service dispute, not a governmental taking.  At most, Moretto may have a contractual claim.  *See Peterka v. Dixon*, No. 4:23-cv-55-MW-MAF, 2023 WL 7272116, at *2 (N.D. Fla. Oct. 10, 2023).  Because the amount in controversy clearly does not reach threshold for diversity jurisdiction, state court is the proper venue for a breach-of-contract claim.

Because Moretto fails to state a Takings Clause claim, the Court will dismiss this action.  Amendment would be futile because Moretto's factual allegations clearly show that no "taking" under the Fifth Amendment occurred and Moretto cannot meet the threshold for diversity jurisdiction.  Thus, the Court will close this case.  The dismissal will be without prejudice, so Moretto may pursue any contractual claims he may have in state court.  If Moretto

3

believes he can state a plausible § 1983 claim, he may commence a new federal action.

Accordingly, it is now

**ORDERED:**

Plaintiff Stephen Moretto's Complaint is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 7, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4