UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MORETTO,

    Plaintiff,

v.                                              Case No.:  2:23-cv-881-SPC-NPM

SECURUS TECHNOLOGIES, J PAY, N. STALNAKER and M. WARNER,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court are Plaintiff Stephen Moretto's Motion for Leave to File Belated Objection to Court Order to Dismiss (Doc. 14), Objection to Court Order to Dismiss (Doc. 12), and Motion to Amend (Doc. 13).  Moretto purports to raise an objection under Federal Rule of Civil Procedure 46, but that rule governs objections made at trial and is not relevant here.  The Court construes Moretto's objection and motions collectively as a Rule 60(b) motion for relief from judgment.

    Moretto—a prisoner of the Florida Department of Corrections—filed this civil-rights action *pro se*.  He accused the defendants of violating the Fifth Amendment's Takings Clause by issuing him a defective tablet device that had a low battery life, did not play all the media Moretto bought or rented, and

could not access podcasts or emails. The Court dismissed Moretto's complaint because Moretto's factual allegations cannot support a claim under the Takings Clause. Specifically, the defendants did not take Moretto's property for public use. The Court noted that Moretto might have a claim he could pursue in state court. But because there clearly was no "taking" under the Fifth Amendment, the Court found amendment would be futile and closed this case. (Doc. 8). Moretto appealed, and his appellate case remains pending.

Moretto now objects to the Court's dismissal and asks for leave to file an amended complaint. He raises a few points—mostly about how widespread the defective tablet problem is in Florida prisons—but he does not address the dispositive issue. As the Court explained in its prior order, the Takings Clause requires the government to offer just compensation when taking private property *for public use*. *See Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162, 2167 (2019). Even assuming *arguendo* that the defendants performed a governmental function in relation to the tablet, it remains clear they have not taken Moretto's property for public use. Again, Moretto might have a contractual claim he could raise in state court, but he does not have a claim under the Takings Clause. Accordingly, his construed Rule 60(b) motion (Docs. 12, 13, and 14) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 16, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record